## MACK *v.* STATE OF INDIANA.

[No. 26,600. Filed May 1, 1936. Rehearing denied June 30, 1936.]

*Benjamin F. Zieg,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Warren W. Martin,* Assistant Attorney-General, for the State.

HUGHES, J.—This is an action by the State of Indiana against the defendant, appellant herein, charging the defendant, appellant herein, with a felony, namely, selling an automobile without passing and delivering a certificate of title to said automobile with an assignment thereof in the form prescribed or approved by the Secretary of the State of Indiana. The defendant, appellant herein, was tried by the court and found guilty as charged.

The only error relied upon for reversal is the overruling of appellant's motion for a new trial. The causes for a new trial are as follows:

1. That the finding of the court is not sustained by sufficient evidence.

2. That the finding of the court is contrary to law.

The affidavit is predicated upon Section 3, Chapter 265, p. 821, Acts of 1921. The part of Section 3 as applicable here is as follows:

". . . After the expiration of ninety (90) days from the date upon which this act becomes effective, it shall be unlawful and a felony, punishable by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) and by imprisonment for not less than two (2) years nor more than ten (10) years for anyone to sell, deliver or purchase within the limits of this state, any motor vehicle, unless at the time of the sale or delivery thereof, there shall pass between the parties such certificate of title, with an assignment thereof, in the form prescribed by the secretary of state, or in a form approved by him if the title has been acquired or registered in any other state than Indiana. . . ."

Section 3 of the Act is section 47-303, Burns 1933, section 11131, Baldwin's 1934.

A large part of the argument and brief of the appellant is based upon the use of a comma, found in the

above section of Burns, just before the word "if" used in the clause "if the title had been acquired or registered in any other state than Indiana." However, upon examination of the section in the bound volume of the Acts of 1921, we find there is no such comma and neither is it found in the Act in the office of the Secretary of State. The insertion of the comma as found in the section in Burns, *supra,* is clearly an error on the part of those editing Burns Indiana Statutes. Therefore, all that is said by the appellant in his brief and argument on this part of his reasons for reversal is without force and effect.

The remaining question presented is whether or not the finding and judgment is sustained by sufficient evidence. We have carefully read all of the evidence in the case and we are of the opinion that it is.

It is elementary that this court will not weigh the evidence, nor reverse a case upon the weight of the evidence.

Judgment affirmed.