William S. KIMMEY and Joan A. Kimmey, his wife, Defendants below, Appellants,

v.

FARMERS BANK of the State of Delaware, a Delaware Banking Corporation, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted March 21, 1977.

Decided April 4, 1977.

Eric M. Doroshow, of Community Legal Aid Society, Inc., Wilmington, for defendants-appellants.

Melvyn I. Monzack, of Walsh, Monzack & Owens, Wilmington, for plaintiff-appellee.

Before DUFFY and McNEILLY, JJ., and MARVEL, Chancellor.

DUFFY, Justice:

This is an appeal from a judgment of the Superior Court holding that the Secondary Mortgage Loan Act, 5 *Del.C.* § 3101 *et seq.*, is not applicable to a second mortgage loan made by a regulated banking institution, viz., the Farmers Bank of the State of Delaware. The single question at issue here is whether the Bank is a "person" under the statutory definition stated in the Act. We conclude that the Bank is not such a person and, accordingly, we affirm the judgment of the Superior Court.

I

Briefly, the relevant facts are these: The parties consummated a financial transaction which is evidenced by a promissory note to the Bank and secured by a second mortgage. Upon default, plaintiff moved to foreclose the mortgage. As an affirmative defense, defendants alleged that the terms of the mortgage were in violation of the Act and, in consequence, that the mortgage was unenforceable. Issue was joined on that defense; the Trial Court denied defendants' motion for partial summary judgment and granted a similar motion by the Bank. This appeal followed.

## II

The question before the Court is entirely one of statutory construction arising under the definitions section of the Act, § 3101(2), which provides:

> " 'Person' means an individual, corporation, partnership or any other group of individuals however organized, but does not include any banking institution, savings bank, federal savings and loan association, insurance company, or any other financial institution which is subject to any other law of this State or of the United States, regulating the power of such institution to engage in mortgage loan transactions."

If the Bank is such a "person," then the Act is applicable to the instant transaction and the affirmative defense is meritorious.

■ This section, like the balance of the Act, is derived entirely from 55 *Del.L.*, Ch. 346, which became law in August 1966. We have closely examined that Chapter of the Session Laws as it appears in the bound volume and discovered that the comma which appears after the words "United States" in line eight of § 3101(2) of the Code, does not appear in the Session Law.[1] In our view, that addition of the comma to the Code was clearly a clerical error on the part of those editing the Code and it is not entitled to force and effect. Accord, *Mack v. State*, 210 Ind. 336, 1 N.E.2d 595, 596 (1936).[2]

So viewed, the words "regulating the power of such institution to engage in mortgage loan transactions" relate to or modify the phrase "any other financial institution" and do *not* modify or refer to "banking institution[s], savings bank[s], federal savings and loan association[s], [or] insurance compan[ies]."

■ Apparently unaware of the variance between the Session Law and the Code, the Superior Court ruled that plaintiff is not covered by the Act inasmuch as it is a *regulated banking institution.* We agree with this conclusion because, beyond doubt, plaintiff is a banking institution within the meaning of the Act. Moreover, we judicially notice that banking institutions and insurance companies are subject to mortgage loan regulation.[3] Thus, the Trial Court's determination was logically sound.

■ Nevertheless, banking institutions like plaintiff are not required to show that they are subject to other forms of mortgage loan regulation in order to be immune from the Act's coverage. Properly construed, Chapter 31 of Title 5 is inapplicable once it is determined that the secondary mortgagee is a "banking institution, savings bank, federal savings and loan association, insurance company or . . . [a] *financial institution which is subject to . . . other law[s] . . . regulating the power of such institution to engage in mortgage loan transactions.*" (Emphasis added.)

Plaintiff is a banking institution exempt from coverage under the Act and it therefore follows that the judgment of the Superior Court must be affirmed.

---

1. Section 3101 of 55 *Del.L.*, Ch. 346, provides, in pertinent part:

   "1. In this act, unless the context otherwise requires, the following words shall have the following meanings:

   .   .   .   .   .

   (b) 'Person' means an individual, corporation, partnership or any other group of individuals however organized, but does not include any banking institution, savings bank, Federal savings and loan association, insurance company or any other financial institution which is subject to any other law of this State or of the United States regulating the power of such institution to engage in mortgage loan transactions."

We are also advised that the comma does not appear in the ribbon copy of the Bill (H.B. 334) signed by the Governor and which is filed with the Division of Historical and Cultural Affairs, Department of State.

2. See 1 *Del.C.* §§ 210, 211, as to the power and duties of the Delaware Code Revisors.

3. A partial but representative list of Federal and State statutes and regulations governing mortgage loan transactions includes: 5 *Del.C.* §§ 761, 909, 932, 1905, 1910, 1912; 6 *Del.C.* § 2301; 12 *Del.C.* § 3308; 18 *Del.C.* § 1323; 12 *U.S.C.A.* §§ 21 *et seq.*, 1464; 12 *C.F.R.* § 545.6 *et seq.* (1976).